UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIA REAGAN,<br>JOSHUA FREDERICK,<br>JACQUELINE HUBER,<br>STEPHANIE PAYTON,<br>ROBIN BURNS,<br>RACHEL WEGNER,<br>SANDY SWARTZ,<br>CRYSTAL MCCARDLE,<br>CASEY DELCOCO,<br>STEPHANIE WEAVER,<br>SARAH ROTTLER,<br>KIRSTA EVANS,<br>ABIGAIL FLEENOR,<br>KAREN ROGERS,<br>CIRITA WATSON,<br>SARAH BLYSTRA MACKENZIE,<br>JEFF SHAW,<br>BARBARA TRAPP,<br><br>       Plaintiffs,<br><br>       v.<br><br>MARTIN J. WALSH,<br>ASCENSION ST. VINCENT HOSPITAL,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     No. 1:21-cv-02817-JPH-MG |

## ORDER

This Title VII religious discrimination case was filed by employees of Defendant

Ascension St. Vincent Hospital ("Ascension") challenging Ascension's denial of Plaintiffs'

claimed religious exemptions to a policy that required Ascension employees to be vaccinated

against COVID-19 or face termination. [*See generally* Filing No. 1.] Pending before the Court is

a Motion, [Filing No. 66], in which one of the Plaintiffs—Dr. Joshua Frederick, M.D.—requests

that the Court enter an order permitting him to deposit certain funds with the Court pursuant to

Fed. R. Civ. P. 67.  More specifically, Dr. Frederick wants to deposit a total of $33,851.60 with the Clerk of Court, a sum which represents $6,666.72 for the repayment of a portion of his $20,000 signing bonus and $27,184.88 for the repayment of a $30,000 loan and stipend, all of which were provided to him by Ascension under the terms of his employment contract.  This Motion is now ripe for consideration.

## I.
### LEGAL STANDARD

Fed. R. Civ. P. 67 provides, in pertinent part, as follows:

> **(a) Depositing Property.**  If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

> **(b) Investing and Withdrawing Funds.** *** The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

Fed. R. Civ. P. 67.  Not every case is a proper candidate for the deposit of funds with the Clerk; rather, it is to be used "to provide a place for safekeeping for *disputed funds* pending resolution of a legal dispute." *Dartez v. Peters*, 2022 WL 888131, at *2 (D. Kan. Mar. 25, 2022) (quotation marks omitted).  The purpose of the rule is to "relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership." *Engineered Med. Sys., Inc. v. Despotis*, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Prac. & Proc. § 2991 (2d ed 1997 & Supp. 2005)).  "The Rule is invoked most frequently in cases of interpleader and tender of an undisputed sum." *Id.*  Furthermore, Rule 67 "cannot be used as a means of altering the contractual relationship and legal duties [or rights] of the parties," including interest rates on defaults. *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (reversing order under Fed. R. Civ. P. 67 that had effect of

reducing contractual interest rate following default).   Whether to permit such a deposit is left to the district court's discretion.  *See Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014).

## II.
### ANALYSIS

In support of his Motion, Dr. Frederick argues that the $33,851.60 is the subject of this litigation because the funds "hinge on at least two factual and legal questions before this [C]ourt: First whether Dr. Frederick has been constructively terminated from his job as a hospital physician or whether he 'voluntarily quit.'  Second, whether the disputed funds that he owes are offset by his money damages claim of religious and other discrimination."  [Filing No. 66 at 1-2.]  According to Dr. Frederick, Ascension says that he owes this money under his employment contract because he left his job, but Dr. Frederick says he was constructively discharged and "[o]n balance, [Ascension] owes him money, not the other way around."  [Filing No. 66 at 4.]  Dr. Frederick says that he wants to deposit the funds with the Clerk "[t]o avoid usury interest charges while his claim remains pending" and to "avoid prejudgment interest while the claims are being adjudicated." [Filing No. 66 at 4.]

Ascension opposes Dr. Frederick's request, arguing that Fed. R. Civ. P. 67 is not applicable here.  [Filing No. 71.]  First, Ascension argues, Fed. R. Civ. P. 67 is primarily used in cases of interpleader where there is a finite res that is the subject of the dispute—*i.e.*, "where the moving party holds funds to be disbursed to two or more parties disputing ownership."  [Filing No. 71 at 3-4.]  Furthermore, says Ascension, there is not "a current claim before this Court about these funds."  [Filing No. 71 at 4.]  Second, Ascension cites caselaw for the proposition that Fed. R. Civ. P. 67 "cannot be used as a means of altering the contractual relationships and legal duties [or rights] of the parties."  [Filing No. 71 at 4 (quoting *Bradley Corp. v. Lawler Mfg. Co.*, 2019 U.S. Dist.

Lexis 240096 (S.D. Ind. July 31, 2019) (alteration original)).   Ascension contends that Dr.

Frederick is "attempting to use Rule 67 to escape his contractual and legal obligation under his

Employment Agreement," which calls for Dr. Frederick to pay 18% interest and attorneys' fees for

overdue amounts.   [Filing No. 71 at 5.]   Third, Ascension cites the contract language of Dr.

Frederick's employment contract which requires him to repay his loans and bonuses following

termination "for any reason" except a reduction in force, disability, or death, including a

constructive discharge.   [Filing No. 71 at 5-6.]

The Court agrees with Ascension that Fed. R. Civ. P. 67 is inappropriate here for several

reasons.   First, Dr. Frederick's contract and his repayment obligations are not the subject of this

Title VII dispute.   Rather, Dr. Frederick appears to argue that his contractual repayment obligations

could potentially be used as a setoff against any monetary award he might receive if he prevails

on his Title VII claim against Ascension.   But, potential future setoffs are not an appropriate use

of Fed. R. Civ. P. 67 as the funds do not represent a finite res whose ownership or disbursement is

the object of the litigation.

Second, if the Court granted Dr. Frederick's Motion, it would be changing the terms of the

parties' contractual agreements and denying Ascension the benefit of the bargain it struck with Dr.

Frederick, wherein Dr. Frederick agreed to pay his balance within 30 days of separation from

Ascension and to pay an 18% annual interest rate on past-due amounts.   [*See* Filing No. 71-1 at 16

(Physician Loan Agreement).]   Such a result would have the effect of "altering the contractual

relationship and legal duties [or rights] of the parties," which is improper.   *See LTV Corp.*, 969

F.2d at 1063 ("The district court abused its discretion when it effectively altered the terms of the

contract by substituting the market rate of interest available in the [Clerk's] escrow account for the

rate to which the parties had agreed in the Note."); *Bradley Corp.*, 2019 U.S. Dist. Lexis 240096,

at *4 ("If the court were to permit Bradley to deposit Royalties [with the Clerk] rather than pay them to Lawler, it would be, in effect cancelling Lawler's right to a high interest rate on certain Royalties not timely paid.")

In sum, the funds identified by Dr. Frederick in his Motion are not appropriately the subject of a Fed. R. Civ. P. 67 deposit, and therefore his request is denied.

### III.
### CONCLUSION

For the reasons above, Dr. Frederick's Motion, [66], seeking leave to deposit funds with the Clerk under Fed. R. Civ. P. 67 is **DENIED**.

Date: 4/29/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**